IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:17-CR-00049-M
NO. 4:19-CV-00063-M

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| BOBBY RAY WORTHINGTON, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the Defendant's petition to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 and his motion to supplement the petition. The Government responded by filing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Defendant filed a response to the motion. The court finds that Defendant's petition, the Government's motion, and the record in this case conclusively show that Defendant is entitled to no relief; therefore, no hearing is necessary pursuant to 28 U.S.C. § 2255(b). For the reasons that follow, the Defendant's motion to supplement and the Government's motion to dismiss are granted, and Defendant's petition is denied.

**I.   Background**

On October 3, 2017, Defendant was charged by Indictment with two counts of robbery in violation of the Hobbs Act, 18 U.S.C. § 1951, two counts of using a firearm in furtherance of the robberies in violation of 18 U.S.C. § 924(c), and one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Indictment, DE 1. Defendant pled guilty to the Hobbs Act charges, one Section 924(c) charge, and the felon in possession charge. DE 33, 35.

On May 8, 2018, Defendant was sentenced to thirty-six months imprisonment for the Hobbs Act and felon in possession charges (to run concurrently) and eighty-four months for the Section 924(c) charge (to run consecutively) for a total prison term of 120 months. DE 68.

On April 26, 2019, Defendant filed the present petition seeking to vacate or set aside his sentence, arguing that (1) the court lacked jurisdiction to convict him under the Hobbs Act; (2) his Sixth Amendment rights were violated when his counsel failed to argue that the court lacked jurisdiction; (3) his Sixth Amendment rights were violated when his counsel failed to argue that the Hobbs Act cannot serve as a predicate offense for the Section 924(c) charge; and (4) the Government failed to prove Defendant knew he was a felon when he possessed a firearm for the Section 922(g) charge. The Government filed a motion to dismiss the petition contending that it need show only "minimal effect on interstate commerce" for the Hobbs Act charges, a recent Fourth Circuit opinion has determined that the Hobbs Act may serve as a predicate offense for a Section 924(c) charge, and Defendant's challenge to the Section 922(g) charge is procedurally barred. Defendant filed a response to the motion and the court is now fully apprised.

## II. Legal Standards

Section 2255 provides that habeas relief should be awarded when

> the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.

28 U.S.C. § 2255(b). Once the petitioner has shown this, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010) (quoting § 2255(b)). A district court's resolution of a prisoner's § 2255 petition should proceed in two steps: "First, the district court must determine whether the prisoner has met his

2

burden of showing that his sentence is unlawful on one of the specified grounds. . . . Second, if the prisoner's sentence is found unlawful on one of those grounds, the district court should grant the prisoner an 'appropriate' remedy, which includes discharge, resentencing, or a new trial." *Id.* (quoting *United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007)). "If the prisoner fails to show that his sentence is unlawful on one of the specified grounds under the threshold inquiry, however, 'the court must deny the petition.'" *Id.* The Government may respond to a § 2255 petition by filing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *United States v. Reckmeyer*, 900 F.2d 257, 1990 WL 41044, at *4 (4th Cir. Apr. 2, 1990) ("a district court may properly consider a Rule 12(b)(6) challenge to the legal sufficiency of a § 2255 petition").

When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the well-pleaded factual allegations contained within the complaint and must draw all reasonable inferences in the plaintiff's favor, *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017), but any legal conclusions proffered by the plaintiff need not be accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The *Iqbal* Court made clear that "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.

To survive a Rule 12(b)(6) motion, the plaintiff's well-pleaded factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Twombly*'s plausibility standard requires that a plaintiff's well-pleaded

3

factual allegations "be enough to raise a right to relief above the speculative level," i.e., allege "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Id.* at 555–56. A speculative claim resting upon conclusory allegations without sufficient factual enhancement cannot survive a Rule 12(b)(6) challenge. *Iqbal*, 556 U.S. at 678–79 ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2)); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) ("'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" (quoting *Twombly*, 550 U.S. at 557)).

## III. Analysis

Defendant petitions the court for relief on four grounds:[1] (1) the court's lack of jurisdiction to adjudicate the Hobbs Act robbery convictions; (2) ineffective assistance of counsel in failing to argue the court's lack of jurisdiction; (3) ineffective assistance of counsel in failing to argue that a Hobbs Act robbery cannot serve as a predicate offense for a charge under 18 U.S.C. § 924(c); and

---

[1] The court notes that Defendant filed his petition within the one-year statute of limitation applicable to § 2255 petitions, and his petition contains only *one* basis or "ground" for his challenge: "Ineffective Assistance of Counsel . . . see Memorandum of Law." Pet., DE 78 at 4. Defendant sought and received additional time in which to file a memorandum in support of the petition but, in that memorandum, filed outside of the one-year period, he raises the *four* grounds addressed herein. *See* DE 90-1. In addition, Defendant executed a plea agreement in which he agreed "to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." Plea Agreement, ¶ 2(c), DE 35. Under these circumstances, the court finds that at least some of Defendant's arguments are likely waived or barred as untimely; however, the Government does not raise these defenses and the court is not permitted to apply them *sua sponte* without first giving Defendant notice and an opportunity to respond. *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 291 (4th Cir. 2021). Due to the age of the motions, the court has determined to proceed to address the grounds and defenses asserted therein.

4

his conviction under 18 U.S.C. § 922(g) should be vacated in light of the Supreme Court's opinion in *Rehaif v. United States*, -- U.S. --, 139 S. Ct. 2191, 204 L. Ed. 594 (2019). In its motion to dismiss the petition, the Government argues that none of the proffered bases states a plausible ground for vacating or setting aside Defendant's sentence. The court will address each of the Defendant's grounds as presented.

A. <u>Jurisdiction to Convict under the Hobbs Act[2]</u>

The Hobbs Act criminalizes robbery or extortion that "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce[.]" 18 U.S.C. § 1951(a). A Hobbs Act violation, therefore, requires proof of two elements: an underlying robbery or extortion crime, and an effect on interstate commerce. *United States v. Lopez*, 860 F.3d 201, 214 (4th Cir. 2017) (citing *United States v. Williams*, 342 F.3d 350, 353 (4th Cir. 2003)). The Fourth Circuit has explained that "the jurisdictional predicate of the Hobbs Act requires only a 'minimal effect' on interstate commerce—including one 'so minor as to be de minimis'—and there is no requirement that the effect on commerce be intended, so long as it is a 'natural, probable consequence' of the defendant's actions." *Id.* (quoting *United States v. Taylor*, 754 F.3d 217, 222 (4th Cir. 2014)).

Defendant asserts that the robberies involved in his convictions occurred in "local" places of business and, thus, the Government failed to demonstrate that his criminal conduct "affected interstate commerce" as necessary to establish the court's jurisdiction to convict him under the

---

[2] The Government characterizes this ground as a challenge to the constitutionality of the Hobbs Act; however, Defendant concedes that the "Hobbs Act is very much constitutional" and confirms that his first ground challenges the court's jurisdiction to convict him under the Hobbs Act. Def. Resp., DE 102-1 at 6. "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

5

Hobbs Act. The court finds Defendant's challenge to be factual, as opposed to legal, in nature. *See* Memo., DE 90-1 at 6 (describing the framework of both interstate and intrastate commerce in the context of transporting goods across or within state lines) and 7 ("There is no evidence on the record that when [Defendant] allegedly robbed this store, [ ] the store was in the act of shipping commerce to another state. Nor was it receiving commerce from another state."). As such, Defendant's guilty plea to the Hobbs Act robberies forecloses this factual challenge to his convictions. *See United States v. Kelly*, 102 F. App'x 838, 839 (4th Cir. 2004) (confirming that the Hobbs Act's jurisdictional requirement can be established by a minimal effect on interstate commerce and finding "any further challenge to [defendant's] conviction under the Hobbs Act is foreclosed by his guilty plea") (citing *Menna v. New York*, 423 U.S. 61, 62-63 n.2 (1975) ("a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case") and *Tollett v. Henderson*, 411 U.S. 258, 266 (1973) ("respondent's guilty plea here [ ] forecloses independent inquiry into the claim of discrimination in the selection of the grand jury")); *see also United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) (knowing and voluntary waiver in guilty plea bars criminal defendant from collateral attack of his conviction).

Even if Defendant's challenge were not foreclosed by his guilty plea, the court is not persuaded by his argument that the "community" nature of the convenience stores he robbed establishes that the jurisdictional predicate for a Hobbs Act charge has not been met. In fact, the Fourth Circuit has upheld Hobbs Act convictions involving robberies of convenience stores and other "local" businesses for which the evidence was sufficient to show a "minimal effect" on interstate commerce. *See United States v. Stevens*, 539 F. App'x 192, 194 (4th Cir. 2013) (involving an attempted robbery of local pawn shop); *Kelly*, 102 F. App'x at 839 (involving armed

6

robberies of several restaurants, supermarkets, and convenience stores). Defendant's assertions to the contrary, the Fourth Circuit also affirmed the "minimal effect on interstate commerce" standard following the Supreme Court's opinion in *United States v. Lopez*, 514 U.S. 549 (1995), a case on which Defendant relies. *See* Memo., DE 90-1 at 6; *Stevens*, 539 F. App'x at 194 n.2.

In sum, the Defendant has failed to demonstrate that his Hobbs Act convictions were rendered without jurisdiction and, therefore, his petition is denied as to the first ground.

B. Ineffective Assistance of Counsel

Defendant's second and third grounds assert that his legal counsel was ineffective in violation of the Sixth Amendment; the court finds at the outset that Defendant fails to establish the second ground that his counsel violated his constitutional right when the attorney failed to argue the court's lack of jurisdiction to render his Hobbs Act convictions. For reasons already stated, the Defendant's petition based on the second ground is denied.

For his third ground, Defendant alleges that his counsel was ineffective for failing to argue that a Hobbs Act conviction cannot serve as a predicate offense for his conviction under 18 U.S.C. § 924(c). Defendant argues that the "categorical approach" described in the Supreme Court's opinion in *Mathis v. United States*, -- U.S. --, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016) should be applied to determine that a Hobbs Act robbery is not a crime of violence for purposes of a Section 924(c) charge.

An offense under Section 924(c) arises when a defendant uses or carries a firearm during or in relation to a "crime of violence." 18 U.S.C. § 924(c)(1)(A). Subsection (c)(3) defines the term "crime of violence" as a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

7

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The Fourth Circuit has referred to Section 924(c)(3)(A) as the "force clause," and to Section 924(c)(3)(B) as the "residual clause." *United States v. Mathis*, 932 F.3d 242, 263 (4th Cir.), *cert. denied sub nom. Uhuru v. United States*, 140 S. Ct. 639, 205 L. Ed. 2d 401 (2019), *and cert. denied sub nom. Stokes v. United States*, 140 S. Ct. 640, 205 L. Ed. 2d 401 (2019) (citing *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015)).

In *Mathis*, the Fourth Circuit recognized the Supreme Court's opinion in *United States v. Davis*, -- U.S. --, 139 S. Ct. 2319, 2336, 204 L.Ed.2d 757 (2019) finding that the residual clause of Section 924(c) is unconstitutional and determined that its "analysis therefore is limited to considering whether the defendants' prior convictions qualify as crimes of violence under the force clause." *Mathis*, 932 F.3d at 263-64. The court then applied the categorical approach (suggested by Defendant), compared the definition of "robbery" with the elements of the Hobbs Act charge, noted that its analysis was guided by its 2016 opinion in *United States v. McNeal*, 818 F.3d 141, 151 (4th Cir. 2016),[3] and concluded that a "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." *See id.* at 266.

In this case, Defendant pled guilty to two counts of violating the Hobbs Act, 18 U.S.C. § 1951, by "unlawfully taking and obtaining personal property from the person and in the presence of another, against that person's will, by means of actual and threatened force." Indictment, DE 1. Defendant does not, and cannot, argue that these convictions must rely on the residual clause of Section 924(c)(3)(B). Thus, because Defendant's Hobbs Act convictions constitute crimes of

---

[3] "In *McNeal*, we held that the crime of federal bank robbery, which may be committed by 'force and violence, or by *intimidation*,' 18 U.S.C. § 2113(a) (emphasis added), qualifies as a crime of violence under the force clause." *Mathis*, 932 F.3d at 266 (citing *McNeal*, 818 F.3d at 152–53).

8

violence under the force clause of Section 924(c)(3)(A), his counsel would have been incorrect in any attempt to argue otherwise, and he fails to demonstrate a violation of the Sixth Amendment. Defendant's petition is denied as to the third ground.

C. *Rehaif* Challenge[4]

Citing the Supreme Court's opinion in *Rehaif*, Defendant argues that the Government failed to prove that he "knew he possessed a firearm and that he knew he belonged to a relevant category of persons barred from possessing a firearm" to support his Section 922(g) conviction.[5] Memo., DE 90-1 at 18. The Government responds that, even if true, Defendant's argument is barred by "procedural default." Mot., DE 99 at 8.

Typically, a federal criminal defendant's challenges are barred from collateral review under § 2255 if they are not raised at sentencing or on direct appeal. *Pettiford*, 612 F.3d at 280 (citing *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 351 (2006)). Petitioners are excepted from this bar, however, when they can demonstrate cause and actual prejudice resulting from the errors of which they complain, or actual innocence. *Id.* (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of

---

[4] On June 11, 2020, the court appointed the Federal Public Defender pursuant to 20-SO-2 to determine whether Defendant qualified for post-conviction relief under *Rehaif v. United States*, -- U.S. --, 139 S. Ct. 2191 (2019). On October 13, 2020, attorney W.H. Paramore, III filed a motion to withdraw stating he had completed his review of the record and "finds no good faith basis to seek to amend the petition to vacate filed pro se by the defendant pursuant to 28 U.S.C. 2255." DE 114.

[5] The court notes the Supreme Court recently reversed the decision in *United States v. Gary*, 954 F.3d 194, 208 (4th Cir. 2020), finding that a defendant who had prior multiple felony convictions and had admitted guilt to a felon-in-possession charge fails to carry his burden of showing that a *Rehaif* error affected his substantial rights. *Greer v. United States*, -- U.S. --, 141 S. Ct. 2090, 2097-98, 210 L. Ed. 121 (2021). In this case, Defendant not only had felony convictions prior to his arrest for the crimes for which he is currently incarcerated, but also admitted he was guilty of the charge in Count Six of the Indictment for felon in possession of a firearm. *See* DE 33, 35, 62.

9

counsel." *Id.* A subsequent change in the law constitutes "cause" only when "a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984); *see also Mikalajunas*, 186 F.3d at 493–94 ("to justify the failure to raise an issue during trial and direct appeal based on a subsequent change in the law, the state of the law must have been such that the legal basis for the claim was not reasonably available when the matter should have been raised."). However, "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982)). To show prejudice, a petitioner must demonstrate that errors in the proceedings "worked to his actual and substantial disadvantage" and were of constitutional dimension. *See United States v. Frady*, 456 U.S. 152, 170 (1982). Moreover, to show actual innocence, a petitioner must demonstrate that he "has been incarcerated for a crime he did not commit." *United States v. Jones*, 758 F.3d 579, 584 (4th Cir. 2014). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24.

Defendant claims neither cause and prejudice nor actual innocence; rather, Defendant characterizes as "frivolous" the Government's argument that he "should have brought up this challenge before the *Rehaif* decision was in existence." Def. Resp., DE 102-1 at 6. However, as noted above, a subsequent change in the law may only constitute cause for the failure to raise an error on appeal if "its legal basis [was] not reasonably available to counsel." *Reed*, 468 U.S. at 16; *Mikalajunas*, 186 F.3d at 493. In this case, although the Supreme Court's opinion in *Rehaif* was issued more than a year after the Amended Judgment was entered, the legal basis underlying the opinion—i.e., whether, in prosecutions under § 922(g) and § 924(a)(2), the government must prove that a defendant knows of his status as a person barred from possessing a firearm (139 S. Ct. at

10

2195)—was reasonably available to Defendant's counsel. *See United States v. Rehaif*, 888 F.3d 1138, 1143 (11th Cir. 2018) (citing cases for and against the issue, including *United States v. Games–Perez*, 667 F.3d 1136, 1142 (10th Cir. 2012) (Gorsuch, J., concurring in judgment) and *United States v. Langley*, 62 F.3d 602, 613 (4th Cir. 1995), *cert. denied*, 516 U.S. 1083 (1996)).

In addition, citing *Rehaif*, Defendant contends that his Fifth and Fourteenth Amendment rights to due process were violated by the Government's failure to prove an element of the Section 922(g) conviction. Apparently, in making such contention, Defendant implies that the procedural default bar does not apply to his fourth ground asserting a constitutional violation; however, he cites no legal support for this argument and the court finds the opposite is true: "if a petitioner could have raised the errors on appeal [including "that the sentence was imposed in violation of the Constitution or laws of the United States"], but did not, the petitioner must demonstrate sufficient cause for the failure to appeal." *United States v. Jones*, 56 F.3d 62, 1995 WL 321263, at *1 (4th Cir. May 30, 1995).[6]

Construing Defendant's petition liberally, the court finds that Defendant, in asserting the Government has failed to "prove" the "scienter requirements of § 924(a)(2)," may be arguing there exists an "insufficient factual basis supporting his guilty plea." *See United States v. Turner*, 841 F. App'x 557, 559 (4th Cir. Jan. 21, 2021).[7] However, the Defendant does not claim "actual

---

[6] The Government did not raise the affirmative defense of procedural default for Defendant's second and third grounds alleging Sixth Amendment violations, presumably because "[i]neffective assistance of counsel ... is cause for a procedural default." *United States v. Fugit*, 703 F.3d 248, 259 (4th Cir. 2012) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

[7] Unlike in *Turner*, the Defendant's petition here cannot be construed as a challenge to whether his plea was knowing and voluntary. *See id.*; *see also United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of pro se litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate.") (citations, brackets, and internal quotation marks omitted).

11

innocence" or "ineffective assistance of counsel" or other cause or prejudice to overcome the procedural default. *See id.* Moreover, the Government contends that Defendant "entered a valid guilty plea to all the elements of the firearm by a felon offense that were charged in the Indictment." Mot. at 10. Notably, the Indictment does not specifically contain the additional element of a Section 922(g) charge—knowledge of a prior felony conviction when he possessed the firearm—required by *Rehaif* and its progeny. *See* DE 1 at 4. However, at his arraignment while under oath, Defendant responded in the affirmative to the court's question, "did you, as charged in count six, on or about November 22, 2016, knowingly possess, in and affecting commerce, a firearm after having previously been convicted of a crime punishable by imprisonment for a term exceeding one year?" *See* January 11, 2018 Arraignment, minutes at DE 22.

In sum, the court finds the Defendant has failed to demonstrate cause and actual prejudice, or actual innocence, sufficient to overcome the procedural default caused by Defendant's failure to raise his challenge to the Section 922(g) charge at sentencing or on direct appeal. Therefore, Defendant's fourth ground in support of his petition is denied as barred.

**IV. Conclusion**

First, based on the court's order granting the Defendant an extension of time in which to file a memorandum in support of the petition, Defendant's "motion to supplement" [DE 90] is GRANTED. Second, the Government has demonstrated that Defendant failed to meet his burden to show that the Amended Judgment is unlawful on one of the specified grounds in 28 U.S.C. § 2255(b).

12

Accordingly, the Government's motion to dismiss [DE 98] is GRANTED and Defendant's petition to vacate or set aside [DE 78] is DENIED.

SO ORDERED this 23 day of September, 2021.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE