IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

CASE NO. 4:17-CR-00049-M-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BOBBY RAY WORTHINGTON,

    Defendant.

ORDER

    These matters come before the court on the Defendant's pro se motion for compassionate release [DE 118], Defendant's pro se motion to appoint counsel [DE 133], W.H. Paramore's motion to withdraw as counsel [DE 134], and Defendant's motion to seal medical records [DE 136].

    Upon Defendant's filing of his motion for compassionate release on May 24, 2021—the entirety of which states that Defendant "want[s] to file for medical reasons on the compass[ion]ate release"—the court appointed counsel "to determine whether the defendant may qualify to seek a reduction of sentence." *See* DE 118, 119. Mr. Paramore entered his appearance on May 26, 2021. DE 120. At the court's request, Mr. Paramore filed a status report on October 12, 2021, then requested an additional sixty days in which to file a supplement to the pro se motion. DE 123, 124. On December 2, 2021, the court granted Mr. Paramore's request for another thirty days in which to file the supplement. DE 131, 132.

    Here, Defendant requests the appointment of counsel "so [he] can file suit against the FBOP/Medical" because he "[has] been breaking out with rashes for over [a] year." DE 133. In

addition, Mr. Paramore seeks to withdraw from representation, arguing that the attached ninety pages of Defendant's medical records "explain the undersigned's ethical consideration of not being able to appear further for the Defendant in regards to his motion for compassionate release." DE 134, 135.

The court has reviewed the motions and medical records and discerns no clear "ethical consideration" underlying Mr. Paramore's withdrawal request. Moreover, Mr. Paramore mentions nothing about whether he believes Defendant "may qualify to seek a reduction of sentence," as he was appointed to determine. Nevertheless, because Mr. Paramore believes an "ethical consideration" impedes his ability to represent the Defendant in this matter, the court will grant Mr. Paramore's motion.

Typically, the court would appoint another attorney to represent the Defendant regarding his request for compassionate release. However, based on the Defendant's current request for the appointment of counsel to assist with filing a "lawsuit" against the Bureau of Prisons based on "medical" issues, and the lack of explanation or factual support for Defendant's original "compassionate release" motion, the court finds the Defendant's "compassionate release" motion to be vague and unsupported and will deny the motion without prejudice [DE 118], which will permit Defendant, if he so chooses, to re-file the motion with an explanation why he believes he is entitled to compassionate release. Also, the court will deny Defendant's request for the "appointment" of counsel to assist him with filing a civil lawsuit against the Bureau of Prisons. *See Underwood v. Beavers*, 711 F. App'x 122, 123 (4th Cir. 2017) (unlike criminal defendants, "civil litigants have no constitutional right to counsel" and a district court has discretion to determine whether to *request* counsel for an indigent litigant in a civil matter); *see also Lattimore*

*v. Garrett*, No. 5:12-CT-3146-F, 2012 WL 5505786, at *1 (E.D.N.C. Nov. 13, 2012) (citing *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975)) (same).

Therefore, Defendant's pro se motion for compassionate release [DE 118] is DENIED WITHOUT PREJUDICE, Defendant's pro se motion to appoint counsel [DE 133] is DENIED, W.H. Paramore's motion to withdraw as counsel [DE 134] is GRANTED, and Defendant's motion to seal medical records [DE 136] is GRANTED. The Clerk of the Court is directed to maintain under seal the documents at DE 135 until further order of the court.

SO ORDERED this 6th day of January, 2022.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE